People v J.T. (2025 NY Slip Op 02658)

People v J.T.

2025 NY Slip Op 02658

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Renwick, P.J., Manzanet-Daniels, Higgitt, Rosado, Michael, JJ. 

Ind No. 70480/22 70481/22 70976/22|Appeal No. 4227-4227A|Case No. 2022-05063|

[*1]The People of the State of New York, Respondent,
v
J. T., Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.

Judgments, Supreme Court, Bronx County (Raymond Bruce, J. at plea; George R. Villegas, J. at sentencing), rendered November 2, 2022, convicting defendant, upon his pleas of guilty, of two counts of robbery in the first degree and one count of attempted murder in the second degree, adjudicating him a youthful offender, and sentencing him to concurrent terms of one to three years, with the sentence imposed under Indictment No. 70976/22 nunc pro tunc as of January 13, 2022, unanimously modified, on the law, to the extent of vacating the surcharges and fees imposed on defendant at sentencing, and otherwise affirmed.
The statutory provisions authorizing the imposition of surcharges and crime victim assistance fees upon youthful offenders were repealed effective August 24, 2020, before defendant was sentenced (L 2020, c 144, §§ 3-4; see former Penal Law §§60.02 [3]; 60.35 [10]). Prior to their repeal, those provisions also explicitly barred the imposition of DNA databank fees upon youthful offenders (see People v Guilermo P., 184 AD3d 481, 483 [1st Dept 2020], lv denied 35 NY3d 1066 [2020]; see former Penal Law §§ 60.02 [3]; 60.35 [10]). In their absence, DNA fees remain unauthorized in youthful offender adjudications since the relevant statutory provisions only authorize the imposition of that fee where the defendant has been convicted of a crime (see Penal Law § 60.35[1][a][v]; Executive Law § 995[7]). Since a youthful offender adjudication is not a criminal conviction (see CPL 720.35; Matter of Francis O., 208 AD3d 51, 56 [1st Dept 2022]), the imposition of DNA databank fees in such cases are not authorized. Accordingly, the sentencing court had no authority to impose the surcharges and fees (see People v D.S., 230 AD3d 1036, 1036 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025